**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALICIA HERNANDEZ MACIEL,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 5:26-cv-04990-DSR

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

## 1. INTRODUCTION AND PROCEDURAL BACKGROUND

On November 16, 2026, Petitioner Alicia Hernandez Maciel ("Petitioner"), a noncitizen who had been detained in U.S. Immigration and Customs Enforcement ("ICE") custody since August 25, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging her ongoing detention as violative of the Constitution or laws or treaties of the United States. See Doc. No. 1. The Petition names as Respondents the United States Attorney General, the Secretary of the Department of Homeland Security, the Warden of the Adelanto ICE Processing Center where Petitioner was formerly detained, and the Director of the Los Angeles Field Office of ICE, each in his or her official capacity (collectively "Respondents"). Id. Petitioner seeks a Writ of Habeas Corpus ordering her immediate release from immigration custody. Id. at prayer ¶ c.

On August 31, 2026, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including

trial and entry of judgment. See Doc. No. 3. The case became fully consented on September 3, 2026, pursuant to the terms of the United States Attorney's Office's General consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 8.

On August 31, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 5. On September 8, 2026, Respondents filed an "Answer to the Petition for Writ of Habeas Corpus and Notice of Intended Removal." See Doc. No. 9. Therein, Respondents state that "ICE has served a notice of removal on Petitioner identifying her as scheduled for transfer on September 11, 2026." Id. at ECF 2:8-9. On September 10, 2026, Petitioner filed her Reply to Respondents' Answer. See Doc. No. 10.

On November 9, 2026, the Court issued an Order requiring the Parties to file a Joint Status report regarding whether Petitioner was still being held in immigration detention, and if not, what remains to be decided on the Petition. See Doc. No. 11. On November 16, 2026, the Parties filed a Joint Status Report confirming that "Petitioner is not presently in Respondents' custody. On or about September 18, 2026, ICE removed Petitioner to Mexico." See Doc. No. 12 at p. 2. Petitioner concedes that given her removal from the United States, "her requests for release from custody, restoration to supervision, and an order barring her removal or transfer can no longer be granted … [a]ccordingly, Petitioner does not oppose dismissal of the Petition as moot, without prejudice." Id. Respondents state that "they are in agreement that the Petition is now moot." Id.

The Court has read and considered all papers file by the Parties. For the reasons set forth below, the Court **DISMISSES** the Petition for Writ of Habeas Corpus as moot.

## 2. DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241 (c)(1), (3). "The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention." Trinidad v. Garcia, 683 F.3d 952, 956 (9th Cir. 2012) (citation omitted).

Mootness is "the doctrine of standing set in a time frame." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000). As Article III courts may only adjudicate actual, ongoing cases or controversies, Deakins v. Monaghan, 484 U.S. 193, 199 (1988), courts do not have jurisdiction to hear a case that is moot, "where no actual or live controversy exists." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999). "Throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

A case is not moot when "the parties [] continue to have a personal stake in the outcome of the lawsuit." Zegarra-Gomez v. I.N.S., 314 F.3d 1124, 1126 (9th Cir. 2003) (citing Lewis, 494 U.S. at 478). In the context of immigration habeas proceedings, an action is not rendered moot simply because the petitioner is deported. Id. at 1125. "[S]o long as [the petitioner] was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal," the case or controversy remains. Id. at 1127. In other words, a habeas petition continues to present a live controversy after removal if there is "some concrete and continuing injury" that remains after removal. Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the

petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."). Conversely, if release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot. See Abdala, 488 F.3d at 1065 (holding petitioner's deportation did "not give rise to collateral consequences that are redressable by success on his [] petition" because he challenged the length of his detention, and his complaint was cured upon his deportation); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."); Sheikh-Elmi v. Garland, No. 2:24-cv-01048-TMC-TLF, 2025 WL 2404375, at *1 (W.D. Wash. Aug. 4, 2025), report and recommendation adopted, No. 2:24-cv-01048-TMC-TLF, 2025 WL 2402096 (W.D. Wash. Aug. 19, 2025) (dismissing petition as moot when Petitioner filed a Zadvydas claim but was subsequently deported); Musaeva v. Cantu, No. CV-25-04529-PHX-MTL (ASB), 2026 WL 172026 (D. Ariz. Jan. 22, 2026) (dismissing habeas petition challenging revocation of supervision without notice as moot following petitioner's removal from the United States).

Here, Petitioner filed this case seeking release from immigration detention because Respondents are (or at least were, at the time of filing the Petition) unlawfully holding her in immigration detention in violation of her constitutional rights and applicable federal regulations . See Pet. at ¶¶ 40-72. Because of Petitioner's subsequent removal from the United States, however, Petitioner is no longer in Respondents' custody. Petitioner concedes that as a result of her removal "her requests for release from custody, restoration to supervision, and an ordering barring her removal or transfer can no longer be granted." See Doc. No. 12 at p. 2. Petitioner further acknowledges the collateral consequence exception to mootness in the Joint Status Report but does not allege any collateral consequence that can be addressed by the Court. Id. Petitioner has already

received the relief she seeks in the Petition (albeit not in the form she wished), in that she is no longer being detained by Respondents. There is nothing further that she asks for in her Petition that the Court can grant. Accordingly, this case is now moot.

**3. ORDER**

For the foregoing reasons, IT IS ORDERED THAT the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

Judgment hereon will be entered on a separate form.

DATED: November 17, 2026

Dan Roberts

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE